**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-198-KDB-DCK**

JIM WHITTUM,

        **Plaintiff,**

v.

WALMART, INC., and WAL-MART
STORES EAST, LP,

        **Defendants.**

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties in the above-captioned matter have agreed that these proceedings may involve the discovery and use of confidential, non-public, sensitive, or proprietary business, employment, tax, financial, and personally identifiable information, documents and other materials;

WHEREAS, the parties have agreed to produce such documents only on the agreement that such "Confidential Information" including information regarding current and former employees' social security information, dates of birth, personal banking information, medical information, and records stating actual rates of pay, corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information, will be disclosed only as provided herein;

WHEREAS, the parties have agreed to stipulate to protect certain confidential and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of

waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request, or informal production.

WHEREAS, both parties may be required to produce large volumes of Documents, the parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502 (d) and (e) to do so.

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a)    was not inadvertent by the Producing Party;

    (b)    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    (c)    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    (d)    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve Confidential Information and privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c) governing the disclosure of documents and information therein pertaining to "Confidential Information" on the terms set forth herein, as well as an Order governing the return of inadvertently produced documents and data and affording them the protections of FRE 502 (d) and (e), on the terms set forth herein.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure and FRE 502 (d) and (e).

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

   (a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures or training materials of Defendant; or Defendant's organizational structure;

   (b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

   (c) Any documents relating to the medical or health information of any of Defendant's current or former employees or contractors;

   (d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. The Protective Order shall likewise govern all materials deemed "Attorneys' Eyes Only", which materials shall include the following:

   (a) Any documents containing corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information.

4. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated " CONFIDENTIAL " or "ATTORNEYS' EYES ONLY" or otherwise expressly identified as confidential or attorneys' eyes only. Defendant will use its best efforts to limit the number of documents designated Confidential or Attorneys' Eyes Only.

5. Except as required by law or executive order, Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6. Qualified recipients of documents marked "ATTORNEYS' EYES ONLY" shall include only the following:

    (a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

Qualified recipients of documents marked "CONFIDENTIAL" shall include only the following:

    (a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

    (b) Deposition notaries and staff;

    (c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this litigation, their officers, and professional employees.

7. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential Information that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8. In the event that any documents or other materials previously identified as confidential are marked as exhibits or otherwise generally discussed during the taking of a deposition in this action, the exhibit, and all portions of the relevant deposition transcript in which the exhibit is discussed and/or referenced, shall immediately be deemed confidential, and therefore subject to the terms of this Protective Order.

9. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

10. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

11. Whenever a party wishes to file any writing designated as Confidential with the Court, the party may either (a) redact any and all information contained on any page that is marked Confidential before filing said document with the Court, (b) if the party wishing to file said writing is the party that originally designated the document as Confidential that party may, at their discretion, redact only that information that it deems Confidential from any page that is marked Confidential before filing with the Court or (c) separately file the document under seal with the Court. If a party wishes to file a document that has been marked Confidential with the Court, the party will follow all rules and practices followed by the Court regarding filing a document under seal, including filing a motion establishing good cause for the document to be preserved under seal if necessary, prior to so filing.

12. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to this Order.

13. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such

Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

15. Pursuant to FRE 502 (d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

    (a) The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

    (b) The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

    (c) If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

        (i) the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

        (ii) If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days

of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d) If, during the course of this litigation, a party determines it has produced a Protected Document:

  (i) the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

  (ii) the Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and (d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document

before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f) The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

   (i) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

   (ii) the disclosure of the Protected Documents was not inadvertent;

   (iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

   (iv) the Producing Party failed to take reasonable or timely steps to rectify the error.

(g) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i) Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged or protected information before such information is produced to another party.

(j) By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

15. Subject to the Rules of Evidence, a stamped Confidential document and other Confidential Information may be offered in evidence at trial or any court hearing, provided that

the parties agree to comply with the Court's pre-trial procedures. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

16. If another court or an administrative agency subpoenas or orders production of stamped Confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as Confidential of the pendency of such subpoena or order.

17. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

18. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

**SO ORDERED.**

Signed: September 19, 2019

David C. Keesler
United States Magistrate Judge